(88 Misc. Rep. 100)

### LOVITT v. ILLINOIS SURETY CO. •

(Supreme Court, Appellate Term, First Department.   December 24, 1914.)

CORPORATIONS (§ 202*)—MEMBERS—ACTIONS BY.

   Where defendant executed a bond to a membership corporation, guaranteeing performance of all contracts of employment made by members of the corporation with a named person, a member of the corporation may maintain an action on the bond for damages for breach of a contract with such person, for a membership corporation is sufficiently in · privity with its members to enable them to enforce its contracts with third persons for their express benefit.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 777–780, 822; Dec. Dig. § 202.*]

Appeal from City Court of New York, Trial Term.

Action by Edward Lovitt against the Illinois Surety Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

O'Brien, Malevinsky & Driscoll, of New York City (Arthur F. Driscoll, of New York City, of counsel), for appellant.

Nelson L. Keach, of New York City, for respondent.

GUY, J.   The action was brought upon a bond given by defendant to the "White Rats of America," a membership corporation of which plaintiff was a member, whereby defendant guaranteed the performance of all contracts of employment made with members of said "White Rats" corporation, and, in addition, guaranteed the faithful performance by any theater owner, manager, or employer of all contracts made through Felix Reich Agency, Incorporated, J. Herbert Tebbets, and Felix Reich, acting as agent or agents, with any member or members in good standing of the "White Rats of America."

The complaint alleges the giving of the bond to said "White Rats" corporation; that plaintiff was and is still a member in good standing of said "White Rats" corporation, and as such is entitled to all the benefits of membership, and to share in all benefits to be derived from contracts or agreements made by said "White Rats" corporation for and on behalf or for the benefit of its members; that subsequent to the giving of the bond plaintiff herein entered into a contract of employment with the Felix Reich Agency, Incorporated, and has duly performed all the conditions of said agreement, and that the said Felix Reich Agency, Incorporated, has refused and neglected to perform said contract, to plaintiff's damage; that plaintiff began an action against the said Felix Reich Agency, Incorporated, on account of the breach of the aforesaid contract of employment, and recovered a judgment against the said Felix Reich Agency, Incorporated, in the sum of $760.78; that due notice of the aforesaid action and of the judgment in favor of plaintiff was given to the defendant respondent; that execution on the aforesaid judgment was duly issued and returned wholly unsatisfied, and still remains wholly due and unpaid;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that plaintiff is still the owner and holder thereof; and that by virtue of the foregoing facts defendant became liable to plaintiff upon the aforesaid bond in the sum of $760.78, with interest from the 25th day of January, 1913, the date of the entry of said judgment, and that defendant has failed and neglected to pay to plaintiff any part of said sum, to plaintiff's damage, etc.

On the trial, on motion of defendant's attorney, the complaint was dismissed on the pleadings, and the plaintiff appeals from the judgment entered thereon.

It is contended by the defendant respondent that the relationship between the various parties herein is not such as to bring the case within the doctrine that a person for whose benefit a contract is made can sue and recover on said contract, and that the contract alleged herein, made by the defendant, the Illinois Surety Company, was not made for the benefit of plaintiff. We do not think that this contention is sound. On the contrary, the amended complaint alleges specifically that plaintiff, as a member of the "White Rats" corporation, was entitled equally with all other members to share in all benefits to be derived from contracts or agreements made by said "White Rats of America" for and on behalf or for the benefit of its members, and, further, that the bond in suit was given for the express purpose of guaranteeing the faithful performance of contracts of employment made with any member or members in good standing of the "White Rats of America."

A membership corporation is not a stranger to its own members, but is sufficiently in privity with them for them to enforce its contracts with third persons for their express benefit. Smyth v. City of New York, 203 N. Y. 106, 112, 116, 96 N. E. 409; Pond v. New Rochelle Water Co., 183 N. Y. 330, 333–338, 76 N. E. 211, 1 L. R. A. (N. S.) 958, 5 Ann. Cas. 504; Buchanan v. Tilden, 158 N. Y. 109, 118–123, 52 N. E. 724, 44 L. R. A. 170, 70 Am. St. Rep. 454; Little v. Banks, 85 N. Y. 258, 263.

The judgment dismissing the complaint must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.